■ NYCTL 1996-1 Trust et al., Plaintiffs, v Amie A. Malihan et al., Defendants. Amie A. Malihan, Third-Party Plaintiff-Respondent-Appellant, v Continental Abstract Corporation, Third-Party Defendant-Appellant-Respondent. [715 NYS2d 51] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about September 2, 1999, which, to the extent appealed and cross-appealed from, denied third-party defendant Continental Abstract Corporation's motion for partial summary judgment to limit its damages to a maximum of $12,168.94, and denied defendant and third-party plaintiff Amie A. Malihan's cross-motion for complete summary judgment as against Continental, unanimously modified, on the law, to grant Continental's motion, and otherwise affirmed, without costs.

Although Continental, the title abstract company retained by Malihan at the closing on her purchase of a professional condominium, concedes some liability, in that it admittedly failed to remit to the taxing authorities sums due for real estate taxes, which led to an earlier order granting conditional partial summary judgment, nevertheless, Malihan failed to mitigate her damages, by failing to ascertain the reason for the tax delinquency notice in the amount of $12,168.94 in October 1993 and in defaulting on her in rem agreement with the Department of Finance to pay back that amount in installments. Accordingly, Continental's liability is limited to a maximum of $12,168.94. Concur—Ellerin, J. P., Wallach, Lerner and Friedman, JJ.

■ The People of the State of New York, Respondent, v Fateen Naji, Appellant. [716 NYS2d 561] —Judgment, Supreme Court, New York County (John Cataldo, J.), rendered December 15, 1999, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction, substituting a conviction of criminal sale of a controlled substance in the fifth degree and reducing the sentence to a term of 2½ to 5 years, and otherwise affirmed.

As the People concede, defendant's conviction and sentence should be modified as indicated for the purpose of effectuating the plea bargain agreed upon by the parties and the court. Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.